THE HONORABLE BARBARA J. ROTHSTEIN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVIS VOSS-CURRY, an individual, | CASE NO. 2:22-cv-01062-BJR |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO REMAND |
| CROWN EQUIPMENT CORPORATION, an Ohio corporation; and LATTCO SERVICES, INC., a California corporation, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Travis Voss-Curry ("Voss-Curry") filed this action in King County Superior Court against Defendants Crown Equipment Corporation ("Crown") and Lattco Services, Inc. ("Lattco"), alleging negligence against both Defendants and "manufacturer products liability" under RCW 7.72.030 against Crown. Plaintiff seeks personal injury

damages for injuries he allegedly suffered while working as a warehouse employee at a distribution center in Kent, Washington. Crown filed a notice of removal pursuant to 28 U.S.C. § 1441(b) alleging that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

Currently before the Court is Plaintiff's motion to remand, which both Defendants oppose. *See* Dkt. Nos. 4, 13, and 15. Having reviewed the motion, oppositions thereto, the record of the case, and the relevant legal authorities, the Court denies the motion. The reasoning for the Court's decision follows.

## II.   BACKGROUND

As stated above, Voss-Curry works at a distribution center located in Kent, Washington. Dkt. No. 1, Ex. 2 at 2.1 He alleges that Defendant Lattco provides cleaning services at the distribution center and is supposed to "ensure that the warehouse [is] clean and that the warehouse floor [is] free of hazards." *Id*. at 2.3. He further alleges that Defendant Crown "supplies" the pallet jacks used at the distribution center. *Id*. at 2.2.

Voss-Curry claims that on August 29, 2021, he was injured when the triple pallet jack he was operating "slipped" because there was liquid on the warehouse floor and "smashed his foot". *Id*. at 2.4, 2.7-2.8. He alleges that the "pallet jack [] broke off across [his] waist, causing the actual control handle to sheer off and causing him to fall on the ground." *Id*. at 2.9. Voss-Curry claims that medics were called to the scene, and he was transported to the hospital where it was determined that he had a "lacerated vein" and broken calcaneus bone in his left foot, which necessitated surgery that evening. *Id*. at 2.12-13. He asserts that he continues to suffer from physical and psychological injuries as well as a permanent partial disability to this day. *Id*. at 2.14, 2.17.

In June 2022, Voss-Curry filed suit against Defendants in King County Superior Court, alleging a common law negligence claim against both Defendants and a products liability claim against Crown. The complaint does not allege a specific amount of damages, but rather seek "specific and general damages in an amount to be proven at trial." *Id*. at Prayer for Relief, ¶ 3.

Crown, with Lattco's consent, removed the action to this Court on July 29, 2022, claiming that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). Dkt. No. 1. Voss-Curry filed the instant motion to remand on August 2, 2022, which Defendants oppose. Dkt. Nos. 4, 13, and 15. The parties do not dispute that diversity is complete between the parties; the only issue is whether the amount in controversy as pled by Voss-Curry exceeds the $75,000 minimum required for this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a).

### III.  DISCUSSION

District courts have original jurisdiction of all civil actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A defendant may remove a civil action brought in a state court if the district courts have original jurisdiction, 28 U.S.C. § 1441(a), however, to protect the jurisdiction of state courts, there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting that any doubt as to the right of removal must be resolved in favor of remand). The party seeking removal has the burden of establishing that federal jurisdiction exists. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006).

Where, as here, the complaint does not delineate a specific amount of damages,

"the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). This means that the removing party must show that it is "more likely than not" that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). This Court's local rules further clarify that a complaint may be removed "if a reasonable person, reading the complaint[], would conclude that the plaintiff was seeking damages in an amount greater than [$75,000]." Local Rules W.D. Wash. LCR 101(a).

      This Court concludes that the instant complaint provides a reasonable, good faith basis to conclude that Voss-Curry seeks damages greater than $75,000.00. As set forth in the Background section *supra*, the complaint alleges that Voss-Curry's injuries required ambulance transport to the emergency room, surgery, physical therapy, and follow-up doctor's appointments that are described as "extensive". Further, the complaint claims that his injuries resulted in a permanent partial disability and that Voss-Curry continues to suffer both physically and psychologically due to his injuries. *See* Dkt. No. 1, Ex. 2 at ¶ 2.17 (alleging that this suffering has impacted Voss-Curry's "ability to fully enjoy life"). Lastly, the complaint seeks "all past, present and future economic losses and damages and non-economic losses and damages", including but not limited to pain, suffering, disability, emotional distress, and loss of earning, employment, and companionship. *Id.* at Prayer for Relief. The Court concludes that a reasonable person reading the foregoing allegations would determine that the amount in controversy exceeds $75,000.

      Voss-Curry counters that Defendants cannot meet their burden of establishing jurisdiction by simply relying on averments in the complaint. Rather, Voss-Curry argues,

Defendants must prove "by a preponderance of evidence" that the amount in controversy exceeds $75,000. Voss-Curry is correct that the Supreme Court has stated that where it is unclear from the face of the complaint what amount of damages the plaintiff seeks, and where the plaintiff challenges the defendant's assertion that the jurisdictional amount is met, "the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Based on this, the Ninth Circuit has ordered remand of cases in which the defendant "has offered no facts whatsoever to support the court's exercise of jurisdiction." *Gaus*, 980 F.2d at 567. For instance, in *Gaus*, the defendant asserted that the amount in controversy exceeded the jurisdictional limit but failed to set forth any specific factual allegations to support such an assertion and the operative complaint was likewise devoid of any such allegations. Similarly, in *Matheson*, the defendant alleged that the amount in controversy exceeded $75,000 based on an insured's claim for the loss of a truck valued at $15,516 for less than two months and his request for economic loss, emotional distress, and punitive damages in excess of $30,000. The Ninth Circuit found that there was "a serious question whether more than $75,000 was in controversy" after considering the facts of the complaint. 319 F.3d at 1091. Given the facts alleged, the Court concluded that the record was "devoid of any evidence that [defendant] made the required showing of the amount in controversy." *Id.*

Such is not the case here. Voss-Curry alleges significant injuries that required emergency medical care, surgery, and ongoing "extensive" medical treatment, including physical therapy. He claims ongoing physical and psychological distress and a permanent partial disability. While the complaint does not delineate a specific dollar amount for

damages, the Court is not required to turn a blind eye to the reality that based on the factual allegations set forth in the complaint, the amount in controversy exceeds $75,000. *See*, *e.g.*, *Kitchen v. First Student Inc.*, 2020 WL 6537527 (W.D. Wash. November 6, 2020).

## IV.   CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Plaintiff's motion to remand (Dkt. No. 4).

Dated this 14th day of September 2022.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge