THE HONORABLE BARBARA J. ROTHSTEIN

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVIS VOSS-CURRY, an individual, | **CASE NO. 2:22-cv-01062-BJR** |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT CROWN EQUIPMENT CORPORATION'S MOTION TO DISMISS ALL CLAIMS AGAINST IT** |
| CROWN EQUIPMENT CORPORATION, an Ohio corporation; and LATTCO SERVICES, INC., a California corporation, | |
| Defendants. | |

## I.     INTRODUCTION

Plaintiff Travis Voss-Curry brings this personal injury action against Defendant Crown Equipment Corporation ("Crown") and Defendant Lattco Services, Inc. ("Lattco"), alleging a negligence claim against both Defendants and a products liability claim against Crown. Currently before the Court is Crown's motion to dismiss the claims against it

pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiff opposes. Dkt. Nos. 9, 18. Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.[1]

## II. BACKGROUND

According to the complaint, Plaintiff works at a warehouse distribution center operated by Sysco Seattle, Inc. located in Kent, Washington. Dkt. No. 1, Ex. 2 at ¶ 2.1. Defendant Lattco provides cleaning services for the warehouse. *Id*. at ¶ 2.3. On August 29, 2021, Plaintiff was assigned to work on a "triple pallet jack" manufactured by Defendant Crown. *Id*. at ¶ 2.4. The pallet jack "slipped" on liquid that was on the floor of the warehouse, causing the steering controls to "immediately overturn" and "pull[]" Plaintiff forward "causing him to lose his footing." *Id*. at ¶ 2.7. Plaintiff's foot was "smash[ed]" between the pallet jack and the equipment and the "handle of the pallet jack then broke off across [Plaintiff's] waist, causing the actual control handle to sheer off and causing [Plaintiff] to fall to the ground." *Id*. at ¶¶ 2.8-2.9. Plaintiff was taken to the Valley Medical Center where he was diagnosed with a "lacerated vein in his left foot and a fracture to his calcaneus bone." *Id*. at ¶¶ 2.12-2.13. He had surgery to repair the vein but continues to suffer both physically and psychologically. *Id*. at ¶¶ 2.14, 2.17.

## III. STANDARD OF REVIEW

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

---

[1] The Court has reviewed the parties' declarations and exhibits and concludes that Defendant complied with the Court's meet and confer requirement as set forth in the Standing Order.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint and "must be read in conjunction with Rule 8, which requires a 'short and plain statement showing that the pleader is entitled to relief [.]'" *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) (quoting *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997). On a Rule 12(b)(6) motion, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). A court must also consider all inferences favoring the non-moving party that a trier of fact could reasonably draw from the factual allegations in the complaint. *Ileto*, 349 F.3d at 1200. However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

**IV.    DISCUSSION**

The purpose of Rule 8 is to place the defendant on "fair notice" of the particular claims being asserted against it and "the grounds upon which [those claims] rest[]." *Twombly* at 555; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (noting that under Rule 8(a) a complaint must contain "sufficient allegations to put defendants fairly on notice of the claims against them"). Crown asserts that the complaint fails to satisfy Rule 8's purpose; this Court agrees with Crown.

Plaintiff asserts a products liability claim against Crown pursuant to Washington's Product Liability Act ("WPLA"). The WPLA "created a single cause of action for product

related harms and supplants previously existing common law remedies, including common law actions for negligence." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 858 P.2d 1054, 1066 (Wash. 1993). Under the WPLA, "[a] product manufacturer is subject to liability to a claimant if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided." RCW 7.72.030(1). Further, "[a] product manufacturer is subject to strict liability to a claimant if the claimant's harm was proximately caused by the fact that the product was not reasonably safe in construction or not reasonably safe because it did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW." RCW 7.72.030(2). Therefore, "to state a claim under the WPLA, a plaintiff must plead non-conclusory allegations that plausibly support (1) a defective design claim; (2) a failure to warn claim; (3) a defective manufacture claim; or (4) a breach of express or implied warranty claim." *Staub v. Zimmer, Inc.*, 2017 WL 2506166, *2 (W.D. Wash. June 9, 2017) citing RCW 7.72.030. While "a plaintiff need not commit at the outset to one of these specific theories of liability prior to conducting discovery …. in order to survive a motion to dismiss the complaint must contain sufficient non-conclusory factual allegations to support at least one avenue of relief." *Staub v. Zimmer, Inc.*, 2017 WL 2506166, *2 (W.D. Wash. June 9, 2017) (internal citation omitted).

Here, the complaint alleges that Plaintiff was injured when the handle of the pallet jack he was operating "broke off across [his] waist, causing the actual control handle to sheer off and causing him to fall on the ground." Dkt. No. 1, Ex. 2 ¶ 2.9. However, the complaint does not allege that the handle broke off due to a design defect, manufacturing

defect, inadequate warning or instruction, or non-conformity with express or implied warranties; rather, the complaint alleges that the jack pallet "slipped" due to liquid being on the warehouse floor. *Id*. at ¶ 2.7. The Complaint is simply devoid of factual allegations sufficient to properly plead a products liability claim. *See*, *e.g.*, *Force v. Wright. Med. Tech., Inc.*, 2012 WL 4897165, at *2 (W.D. Wash. Oct. 15, 2012) ("Simply alleging that Defendants manufacture the product that failed…does not create a plausible claim.").

Perhaps recognizing the inadequacy of his complaint, Plaintiff asserts for the first time in his opposition to the motion to dismiss that the control handle was "not adequately secured to the pallet jack, resulting in a product that is not reasonably safe." Dkt. No. 18 at 4. However, the complaint does not contain such an allegation and Plaintiff may not defeat a motion to dismiss by supplementing the complaint through his opposition brief. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rule of Civil Procedure.").

Likewise, Plaintiff's negligence claim against Crown must be dismissed. The required elements of a negligence claim are duty, breach, proximate cause, and damage or injury. *Moba v. Total Transp. Service Inc.*, 16 F. Supp. 3d 1257, 1268 (W.D. Wash. 2014). Here, the complaint fails to allege that Defendant owed Plaintiff a duty or what actions or inactions by Crown breached that duty. Nor does the complaint allege that Crown's actions or inactions proximately caused Plaintiff's injuries. Thus, the complaint fails to state a plausible negligence claim against Crown.[2]

---

[2] In addition, there is a strong likelihood that the negligence claim is not viable because the WPLA is an abrogation of common law negligence claims relating to products like the one asserted in the complaint. *See Fisons Corp.*, 858 P.2d at 1066 (Wash.1993) (noting that the

Even though the claims against Crown in the complaint are inadequate as pled, dismissal with prejudice is not the proper remedy. If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983); *see also Moss v. U.S. Secret Serv.*, 575 F.3d 962, 969 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.").

## V.   CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Crown's motion to dismiss and the claims against Crown are DISMISSED without prejudice. If Plaintiff chooses to file an amended complaint, he shall do so on or before October 7, 2022.

Dated this 21st day of September 2022.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

---

WLPA is the exclusion remedy for products liability claims and it supplants all common law claims or actions based on harm caused by a product). Plaintiff's reliance on an unpublished decision from the Southern District of California that was interpreting the Kansas Products Liability Act to state otherwise is not persuasive. *See In re Hydroxycut Marketing and Sales Practices Litigation*, 2011 WL 1002190 (S.D. Cal March 21, 2011)